**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
COLORADO SPRINGS DIVISION**

**CASE NO:**

AMBER ROARK,

    Plaintiff,

    v.

U.S. JUDICIAL SERVICES
COLORADO, LLC, U.S. JUDICIAL
SERVICES, LLC, and
CRAIG KENNITH DUNCAN,
individually,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, AMBER ROARK ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files this Complaint for Damages and Demand for Jury Trial against Defendants, U.S. JUDICIAL SERVICES COLORADO, LLC ("JUDICIAL SERVICES COLORADO"), U.S. JUDICIAL SERVICES, LLC ("JUDICIAL SERVICES"), and CRAIGH KENNITH DUNCAN ("DUNCAN"), individually, ("JUDICIAL SERVICES COLORADO," "JUDICIAL SERVICES," and "DUNCAN" referred to collectively hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201-216, to seek redress for Defendants' violations of the FLSA against this Plaintiff during the course of her employment.

## PARTIES

2. During times material hereto, Plaintiff, AMBER ROARK, resided in Colorado Springs, Colorado, was over the age of 18 years, and otherwise *sui juris.*

3. Defendant, JUDICIAL SERVICES, is a Colorado limited liability company with its principal place of business in Calhan, Colorado.

4. Defendant, JUDICIAL SERVICES COLORADO, is a Colorado limited liability company with its principal place of business in Calhan, Colorado.

5. During all times material hereto, Defendant, DUNCAN, was the owner and/or corporate officer of JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES, and was vested with the authority to hire, fire, and discipline employees, including Plaintiff. Furthermore, during all times material hereto, Defendant, DUNCAN, determined, approved, and/or administered the payroll practices including the issuance of Plaintiff's payment. Accordingly, Defendants were Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

6. During all times pertinent hereto, Plaintiff was dependent upon Defendants, JUDICIAL SERVICES COLORADO, JUDICIAL SERVICES, and DUNCAN, for her employment, as Defendants supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work for their benefit and in furtherance of their business objectives.

## JURISDICTION AND VENUE

7. A substantial amount of the acts and omissions giving rise to this dispute took place within Colorado Springs, Colorado, within the jurisdiction of this Honorable Court.

8. Jurisdiction is proper within the District of Colorado pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

9. Venue is proper within the District of Colorado pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

10. Defendant, JUDICIAL SERVICES COLORADO, hires security guards and officers to provide services in Colorado.

11. Defendant, JUDICIAL SERVICES COLORADO, operates the same type of business and hires security guards and officers to provide services in Colorado.

12. Defendants hired plaintiff to perform work for their benefit.

13. During all material times hereto, Defendants employed Plaintiff as a non-exempt, hourly employee.

14. During times material hereto, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendants; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

15. In July 2021, Plaintiff began working for Defendants in an hourly, non-exempt position.

16. During all times pertinent to her employment, Plaintiff was economically dependent upon Defendants and was subject to the control of Defendants during all pertinent time periods of her employment.

17. During Plaintiff's employment period, she worked in excess of forty (40) hours per week in one or more workweeks.

18. During Plaintiff's employment period, Defendants paid her an hourly rate, with her most recent hourly rate being $17.00 per hour.

19. Defendants failed to compensate Plaintiff at or above the applicable federal overtime wage in one (1) or more workweeks when Plaintiff worked more than forty (40) hours within the previous three (3) years.

20. During all times material hereto, Defendants failed to properly maintain accurate time and/or payroll records for Plaintiff.

21. The wage violations committed by Defendants are willful and/or intentional, as Defendants knew of the overtime wage requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

22. Defendants failed to properly maintain records of hours actually worked by Plaintiff.

23. Defendants assigned Plaintiff with duties and responsibilities and appointed supervisors to oversee the work performed by Plaintiff.  Defendants were therefore on notice of the hours worked by Plaintiff at various worksites in the State of Colorado.

24. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

## **FLSA COVERAGE**

25. During all times material hereto, Defendant, JUDICIAL SERVICES COLORADO, and JUDICIAL SERVICES, were covered under the FLSA through enterprise coverage, as these Defendants were engaged in interstate commerce during all time periods in which Plaintiff was employed.  More specifically, during all times material hereto, Defendants' business and Plaintiff's work for these Defendants affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through

interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, these Defendants were engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

26. During her employment with Defendants, Plaintiff and other employees regularly handled goods and/or materials on a constant and/or continuous basis that moved through interstate commerce, including, but not limited to the following: flashlights, batons, boots, tactical belts, walkie-talkies, keys, pens, paper, etc.

27. Defendants, JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES regularly employed two (2) or more employees for the relevant time period, and these employees regularly handled the same or similar goods and materials to those goods and materials handled by Plaintiff, thus making each of these corporate Defendants an enterprise covered by the FLSA.

28. Upon information and belief, Defendants, JUDICIAL SERVICES COLORADO, and JUDICIAL SERVICES, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and on information and belief, is expected to gross in excess of $500,000.00 in 2021.

29. During her employment period, Plaintiff has been regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and are therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently used interstate highways in furtherance of his work objectives, which constitute an instrumentality of interstate commerce.

**JOINT ENTERPRISE COVERAGE**

30.     During all times material hereto, Defendants JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES performed substantially related activities, as both corporate entities focused their operation on providing security services.

31. Defendants, JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES used central management and/or common control to effectuate the business needs and goals of both entities.

32. Moreover, Defendants, JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES were engaged in offering substantially the same or similar security services to their customers.

33. Defendants, JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES also shared a common business purpose during all times material hereto.

34. Defendant, JUDICIAL SERVICES COLORADO relied upon JUDICIAL SERVICES' assistance in its operations and vice-versa.

35. Supervisors for JUDICIAL SERVICES COLORADO managed and supervised JUDICIAL SERVICES employees, and vice-versa.

36. Upon information and belief, the gross revenue of Defendants, JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES, is expected to be collectively in excess of $500,000.00 in 2021.

37. Defendants, JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES intermingle resources, finances, employees and supplies to provide services to their clients.

38. One of Plaintiff's supervisors performs management duties for both JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES and assigned and otherwise directed and controlled Plaintiff, and other joint employees during the relevant time period.

39. On their respective secretary of state web pages, Defendants, JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES both identify 24895 Impala Circle, Calhan, Colorado, 80808, as their principal place of business.  JUDICIAL SERVICES COLORADO and

JUDICIAL SERVICES operate together out of this shared address in furtherance of their joint enterprise.

40. Moreover, the individual Defendant, DUNCAN, has common ownership and control over the Corporate Defendants.

41. More specifically, individual defendant, DUNCAN, is the registered agent, owner and operator of both Corporate Defendants.

42. Defendant, DUNCAN, failed to adequately maintain the time records for Plaintiff and all others similarly situated during the relevant time period.

43. Plaintiff's payroll records during the relevant time period do not accurately reflect the hours actually worked by Plaintiff.

44. During all time periods hereto, Defendant, DUNCAN, maintained control over the day-to-day operations of JUDICIAL SERVICES COLORADO and JUDICIAL SERVICES, including the payroll, human resources, hiring, firing, and scheduling duties.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

45. Plaintiff re-alleges and re-avers Paragraphs 1 through 29 as though set forth fully herein.

46. Plaintiff alleges this action pursuant to the FLSA, 29 U.S.C. § 216(b).

47. In one or more workweeks of her employment, Plaintiff was required to work in excess of 40 hours per week without receiving the applicable federal overtime premium for certain hours.

48. Plaintiff's supervisors knew or should have known that Plaintiff was working in excess of 40 hours per week.

49. The total amount of work performed by Plaintiff in certain workweeks exceeded 40 hours.

50. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the

Fair Labor Standards Act and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

51. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, AMBER ROARK, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, U.S. JUDICIAL SERVICES COLORADO, LLC, U.S. JUDICIAL SERVICES, LLC, and CRAIG KENNITH DUNCAN, individually, and award: (a) unpaid overtime wages to be paid by Defendants jointly and severally; (b) liquidated damages as provided by the FLSA to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by the Defendants jointly and severally; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, AMBER ROARK, hereby demand a trial by jury on all appropriate claims.

**Dated this 6th day of December 2021.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
        1800 SE 10th Ave. Suite 205
        Fort Lauderdale, Florida 33316
        Ph: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        Illinois Bar No. 6328923
        *jordan@jordanrichardspllc.com*
        *jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 6th day of December 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: